# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICKY COLEMAN,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Civil Action No. 17-4817(SRC)<br><br>MEMORANDUM OPINION |

Petitioner moves for relief under 28 U.S.C. § 2255 pursuant to the Supreme Court's decision in *Mathis v. United States*, 579 U.S. ——, 136 S.Ct. 2243, 195 L.Ed.2d 604 (2016), which held that a state crime does not qualify as an Armed Career Criminal Act ("ACCA") predicate offense when its elements are broader than the elements of a listed generic offense. For the reasons explained below, the Court will dismiss the petition as untimely and without merit.

Courts may afford relief under Section 2255 on a number of grounds including, "that the sentence was imposed in violation of the Constitution or the laws of the United States." *Id.* § 2255(a); see also 28 U.S.C. § 2255 Rule 1(a). The statute provides that, as a remedy for an unlawfully-imposed sentence, "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). The court accepts the truth of the defendant's allegations when reviewing a Section 2255 motion unless those allegations are "clearly frivolous based on the existing record." *United States v. Booth*, 432 F.3d 542, 545 (3d Cir. 2005). A court

1

is required to hold an evidentiary hearing when the motion "allege[s] any facts warranting § 2255 relief that are not clearly resolved by the record." *United States v. Tolliver*, 800 F.3d 138, 141 (3d Cir. 2015) (quoting *Booth*, 432 F.3d at 546).

A criminal defendant bears the burden of establishing his entitlement to § 2255 relief. *See United States v. Davies*, 394 F.3d 182, 189 (3d Cir. 2005). For its part, "the court must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record." *United States v. Booth*, 432 F.3d 542, 545 (3d Cir. 2005) (internal quotation marks and citation omitted). Additionally, "[i]t is the policy of the courts to give a liberal construction to pro se habeas petitions." *Rainey v. Varner*, 603 F.3d 189, 198 (3d Cir. 2010). "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

This appears to be Petitioner's first § 2255 motion. Petitioner, however, filed the instant motion over a year after his conviction became final. The motion is thus untimely unless he can prove that it falls within an exception to the general one-year limitation period for habeas petitions. *See* 28 U.S.C. § 2255(f). Section 2255 contains an alternate commencement date for the one-year statute of limitations running from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable on collateral review." 28 U.S.C. § 2255(f)(3).

In relevant part, Petitioner was designated as a career offender pursuant to Section 4B1.1 of the United States Sentencing Guidelines because he had several prior felony convictions for

controlled substance offenses.[1] The court sentenced Petitioner to 151 months of imprisonment on June 19, 2012. (*See* 07-CR-143, at No. 317.) Petitioner alleges that the claims raised in his motion were "not made available until the Supreme Court's recent decision in *Mathis v. United States* (citation omitted) and the Third Circuit Court of Appeals' decision in *Cruz v. Attorney General United States of America*, 659 Fed. Appx. 114 (3d Cir. 2016)." Based on the allegations in his motion, the Court construes Petitioner to assert that *Mathis* announced a new right that retroactively applies to his conviction, rendering his motion timely under 28 U.S.C. § 2255(f)(3).

Unlike new rules permitting successive § 2255 motions, new "rights" triggering § 2255(f)(3) need not be constitutional. *See United States v. Lloyd*, 188 F.3d 184, 187 n.8 (3d Cir. 1999) (holding an initial petition can be based on a new statutory right because the language is "broader than the 'new rule of constitutional law' expressly required for second or successive § 2255 motions), *abrogated in part on other grounds by Dodd v. United States*, 545 U.S. 353, 357 (2005); *see also Boatwright v. Warden Fairton FCI*, No. 17-3534, 2018 WL 3640305, at *2 (3d Cir. July 31, 2018) (explaining same). Furthermore, under § 2255(3), both the Supreme Court and lower federal courts can decide the retroactive applicability of a new rule of constitutional law announced by the Supreme Court when reviewing an initial (as opposed to successive) petition. *See U.S. v. Swinton*, 333 F.3d 481, 487 (3d Cir. 2003) (holding that "the statute of limitations provision of § 2255 allows district courts and courts of appeals to make retroactivity decisions"). Thus, if *Mathis* recognized a new right for purposes of § 2255(f)(3), Petitioner's

---

[1] Petitioner's plea agreement stipulates that he is a career offender under Section 4B1.1. (*See* 07-143, ECF no. 282, Schedule A at § 9.) Based on the Presentence Report ("PSR"), it appears that Petitioner's career offender status was premised on his prior state court convictions for several controlled substance offenses and a conviction for aggravated assault. Because Petitioner appears to challenge only the enhancement based on his controlled substance offenses, and the controlled substance offenses under N.J.S.A. 2C:25-7 are sufficient to render Petitioner a career offender, the Court does not address the conviction for aggravated assault.

petition would be timely if brought as a § 2255 motion because he filed it within one year of the date *Mathis* was decided. (*See* ECF No. 1.)

At issue in *Mathis* was an Iowa burglary statute that proscribed entry into or onto locations that included a building, a structure, land, water or an air vehicle. Because generic burglary does not proscribe burglary of vehicles, the Iowa offense was overly inclusive; it included conduct that was not generic burglary. The sentencing court looked to the documents pertaining to Mathis's prior convictions, which revealed that Mathis had burgled structures not vehicles, and the district court concluded that the sentencing enhancement under the ACCA applied. The Eighth Circuit affirmed, holding that whether the itemized list of places "amount[ed] to alternative elements or merely alternative means to fulfilling an element, the statute is divisible, and we must apply the modified categorical approach." The Supreme Court disagreed and reversed the Eighth Circuit because the Iowa Supreme Court has held that the Iowa statute sets forth "alternative method[s] of committing [the] single crime," and an Iowa "jury need not agree on which of the locations was actually involved." *See Mathis*, 136 S.Ct. 2250-51. Thus, under *Mathis*, a state crime does not qualify as an ACCA predicate offense when its elements are broader than the elements of a listed generic offense. The Third Circuit has applied the reasoning of *Mathis* in determining whether a state crime qualifies as a predicate offense for career offender enhancement under § 4B1.1 *See United States v. Glass*, No. 16-2906, 2018 WL 4443889, at *2 (3d Cir. Aug. 22, 2018) (precedential).

The Third Circuit has not yet decided in a published decision whether *Mathis* recognized a new right for purposes of an initial §2255 petition under § 2255(f)(3); it has, however, cited approvingly to the reasoning of several circuit courts that have determined that there is nothing

4

new about *Mathis*, and its predecessor *Descamps v. United States*, 570 U.S. 254 (2013).[2] *See Boatwright*, 2018 WL 3640305, at *2. As recently explained by the Third Circuit,

> Every Court of Appeals to have addressed *Mathis* in [the context of an initial petition] or the context of successiveness—which requires a "new rule," 28 U.S.C. § 2255(h)(2)—has [concluded that *Mathis* is not new]. *See, e.g., Dimott v. United States*, 881 F.3d 232, 237 (1st Cir. 2018), *cert. denied*, No. 17-1251, —— U.S. ——, —— S.Ct. ——, —— L.Ed.2d ——, 2018 WL 1243146 (U.S. June 25, 2018); *In re Conzelmann*, 872 F.3d 375, 376-77 (6th Cir. 2017) (collecting cases). Other courts have concluded that *Mathis's* immediate predecessor, *Descamps v. United States*, 570 U.S. 254, 133 S.Ct. 2276, 186 L.Ed.2d 438 (2013), is not "new" for purposes of § 2255(f)(3) either. *See, e.g., Beeman v. United States*, 871 F.3d 1215, 1219-20 (11th Cir. 2017); *United States v. Morgan*, 845 F.3d 664, 666-67 (5th Cir. 2017) (collecting cases). Their reasoning would appear to apply with equal force to *Mathis* as well.

*Boatwright*, 2018 WL 3640305, at *2 (considering a *Mathis* claim brought under § 2241 and declining to decide whether *Mathis* announces a new right under § 2255(f)(3)).[3]

The Court agrees with the circuit courts that have held that *Mathis* is not new. In *Mathis*, the Supreme Court stated that its "precedents make [it] a straightforward case," observing that its prior rulings concerning the ACCA dictated its conclusion. *Mathis*, 136 S.Ct. at 2257. The Court essentially stated that its holding was predicated on 25 years of precedent. *Id.* Because

---

[2] In *Descamps v. United States*, 570 U.S. 254 (2013), the Supreme Court held that sentencing courts may not apply the modified categorical approach to a defendant's crime of conviction that has a single, indivisible set of elements.

[3] As the Third Circuit further explained in *Boatwright* that "[t]o the extent *Mathis* is not new, the challenge brought by Boatwright was available at least by the time the Supreme Court decided *Descamps* on June 20, 2013." His conviction became final about six months before that on January 13, 2013. Thus, Boatwright would have had approximately six months to raise a claim under *Descamps* that would have been timely as measured from the date of his conviction, *see* 28 U.S.C. § 2255(f)(1), regardless of whether *Descamps* itself was "new." Here, Petitioner's conviction became final fourteen days after he was sentenced on June 19, 2012. *Descamps* was decided on June 20, 2012. As such, Petitioner also could have raised a claim under *Descamps* prior to the expiration of the one-year limitations period measured from the date of his conviction.

5

*Mathis* does not announce a new right but simply applies the Court's prior precedents to a new factual scenario, Petitioner's motion does not fall within the exception under 28 U.S.C. § 2255(f)(3), and his claim is untimely and subject to dismissal on that basis.

Furthermore, even if the Court were to find that Petitioner could proceed under 28 U.S.C. § 2255(f)(3), his claim fails on the merits. Petitioner appears to contend that he was designated as a career offender under the Guidelines based on his prior drug convictions under N.J.S.A. 2C:35-7 in violation of *Mathis*, and that the Third Circuit's decision in *Chang-Cruz v. Attorney Gen. United States of Am.*, 659 F. App'x 114 (3d Cir. 2016) supports his claim for relief. He is incorrect.

As relevant here, a defendant qualifies for a career-offender enhancement under the Guidelines if he or she "has at least two prior felony convictions of ... a controlled substance offense." U.S.S.G. § 4B1.1(a). A "controlled substance offense" is an offense that (1) is punishable by a term of imprisonment that exceeds one year and (2) "prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." *Id.* § 4B1.2(b). A state conviction cannot qualify as a "controlled substance offense" if its elements are broader than those listed in § 4B1.2(b). *See Mathis*, 136 S.Ct. at 2251; *see also Glass*, 2018 WL 4443889, at *2 (applying *Mathis* to analysis of § 4B1.1); *United States v. Hinkle*, 832 F.3d 569, 574 (5th Cir. 2016) (same).

At the time of Petitioner's conviction, the guidelines defined a predicate drug offense as "the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance)

6

with intent to manufacture, import, export, distribute, or dispense." U.S. Sentencing Guidelines Manual § 4B1.2(b) (U.S. Sentencing Comm'n 2011) (emphasis supplied). Petitioner has at least two convictions under N.J.S.A. 2C:35-7, which defines a drug offense as the "distributing, dispensing or possessing with intent to distribute a controlled dangerous substance or controlled substance analog while on any school property used for school purposes which is owned by or leased to any elementary or secondary school or school board, or within 1,000 feet of such school property or a school bus, or while on any school bus[.]" N.J.S.A. § 2C:35-7. Because the state drug offense includes the same proscribed conduct, i.e., distribution or dispensing or possession with intent to distribute a controlled substance, it qualifies as a predicate offense. *See Mathis*, 136 S. Ct. at 2248 ("To determine whether a prior conviction [qualifies as a predicate offense], courts apply what is known as the categorical approach: They focus solely on whether the elements of the crime of conviction sufficiently match the elements [of the predicate offense], while ignoring the particular facts of the case.").

Furthermore, as explained by another court in this District, the fact that N.J.S.A. 2C:35-7 criminalizes the distribution or dispensing of controlled substances within 1000 feet of a school makes the statutory crimes narrower (not broader) than those defined by the guidelines. Under *Mathis*, a narrower definition in the state statute does not disqualify a conviction under it from counting as a predicate offense. *See Gonzalez v. United States*, No. CV 16-9412 (KSH), 2017 WL 2304645, at *2 (D.N.J. May 25, 2017), *reconsideration denied*, No. CV 16-9412 (KSH), 2017 WL 4119585 (D.N.J. Sept. 15, 2017), *and certificate of appealability denied*, No. CV 17-2381, 2017 WL 6606668 (3d Cir. Dec. 5, 2017).

Finally, Petitioner relies on the Third Circuit's decision *in Chang-Cruz v. Attorney Gen. United States of Am.*, 659 F. App'x 114 (3d Cir. 2016) as support for his *Mathis* claim. There,

the Third Circuit held that N.J.S.A. 2C:35-7, of which alien had previously been convicted, swept more broadly than the generic federal offense because the New Jersey offense could be committed by means either of distribution or dispensing of controlled substance, and thus did not qualify as "aggravated felony." Under the immigration code, an aggravated felony is determined by reference to the Controlled Substances Act ("CSA"), 21 U.S.C. § 802. The Court in *Chang-Cruz* determined that N.J.S.A. 2C:35–7 sweeps more broadly than § 860, which criminalizes distribution but not dispensing, and thus could not form the basis for an aggravated felony in the immigration context. *See Chang-Cruz*, 659 F. App'x at 118. As explained above, the relevant comparison here is between N.J.S.A. 2C:35–7 and § 4B1.2(b). *See United States v. Jackson*, 711 F. App'x 90, 92 (3d Cir. 2017) (explaining that "unlike § 860, the Career Offender Guideline <u>does cover</u> 'dispensing' in its disjunctive list of elements" and finding that the petitioner's "reliance on *Chang–Cruz* is misplaced") (emphasis added). As such, *Chang-Cruz* does not provide Petitioner a basis for relief.

For the reasons explained in this Memorandum Opinion, the Court will dismiss the Petition at screening pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

The Court also denies a certificate of appealability ("COA"). Pursuant to 28 U.S.C. § 2253(c), "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from" a final order in a proceeding under 28 U.S.C. § 2255. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve

encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 327 (2003). Here, Petitioner has failed to make a substantial showing of the denial of a constitutional right, and no certificate of appealability shall issue. See Fed. R. App. P. 22(b)(1); 3d Cir. L.A.R. 22.2.

For the reasons explained herein, the Court dismisses this matter at screening and denies a certificate of appealability. An appropriate Order follows.

STANLEY R. CHESLER, U.S.D.J.